**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| ALLIANCE FUNDING GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: CPU4-21-004165 |
| | ) | |
| DRIVEWAY DOCTORS LLC AND | ) | |
| OSCAR FERNANDO VELASCO, | ) | |
| | ) | |
| Defendants. | ) | |

Adam F. Wasserman, Esq.
Ciconte Wasserman & Scerba, LLC
1300 King Street
Wilmington, DE 19801
awasserman@cskdelaw.com
*Attorney for Plaintiff*

Oscar Fernando Velasco
41 Coach Hill Drive
Newark, DE 19711
*Defendant*

## ORDER

On November 22, 2021, Alliance Funding Group ("Plaintiff") filed a Complaint with this Court seeking damages for debt and breach of contract. The corporate defendant, Driveway Doctors LLC, was served, failed to answer, and a default judgment was entered on March 2, 2022.

Defendant Oscar Fernando Velasco, who is being sued in his capacity as personal guarantor, was served on May 9, 2022. On May 18, 2022, Defendant Velasco filed his "Answer" which stated, in its entirety: "Oscar F. Velasco haven't

received letter at my residence since I've been out of town for a long period of time. Letter was later dropped at my brother's house where I ricently [sic] received."

Plaintiff filed the present Motion for Default Judgment ("Motion"), asserting that the document filed by Defendant Velasco does not constitute an answer as it does not actually respond to Plaintiff's Complaint. Plaintiff further argued that entry of judgment is appropriate because Defendant Velasco failed to appear, plead, or otherwise defend as per CCP Civil Rule 55(b)(2).

A hearing on the Plaintiff's Motion was held on September 9, 2022. At the hearing, Defendant Velasco did not address – in any substantive way at least – his failure to file a proper answer to the complaint. Rather, Defendant argued that he was not aware that the document he signed was a lease, and that he believed it was an equipment loan. However, even a cursory review of the relevant documents clearly indicate that the contract was an equipment lease and not a loan. Upon conclusion of the hearing, the Court took the matter under advisement.

I recognize that granting a motion for default judgment when one party has failed to file an answer may seem an extreme outcome, however, it is not unprecedented.[1] The orderly and efficient administration of justice requires that a court follow its rules and only deviate from them in exceptional circumstances, and

---

[1] See *O'Rourke v. PNC Bank*, 2021 WL 1100580 (Del. Super. Ct. Mar. 22, 2021) (Court granted Plaintiff's Motion for Default Judgment pursuant to Rule 55(b)(2)).

in my judgment, this case does not fall within that exception. Defendant Velasco did not present any meaningful excuse for his failure to file an answer, nor did he present even a plausible defense as to the merits of the case.

THEREFORE, this 6th day of October 2022, the Court having heard and considered Plaintiff's Motion for Default Judgment, and any response thereto, it is hereby ORDERED that default judgment is GRANTED in favor of Plaintiff and against Defendant Oscar Fernando Velasco.

The Court will hold an inquisition hearing at a later date to determine damages.

**IT IS SO ORDERED**.

_____
Bradley V. Manning,
Judge

cc:     Ms. Patricia Thomas, CCP Civil Case Manager